UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FONOVISA, INC., a California corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, and CAPITOL RECORDS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BASILIO GUIFARRO,<br><br>　　　　　　Defendant. | NO: 2:06-CV-96 |

## OPINION AND ORDER

Before the Court is Plaintiffs' Application for Entry of Default Judgment [Doc. 10]. Plaintiffs allege that Defendant Basilio Guifarro used an online media distribution system to obtain copyrighted sound recordings owned by or licensed to Plaintiffs and distributed those recordings to other users of the system and/or made the recordings available to the public. (Compl. ¶¶ 9-11.) Because Defendant Basilio Guifarro has failed to answer or otherwise defend this lawsuit, Plaintiffs' Application for Entry of Default Judgment is granted.

### I. BACKGROUND

Plaintiffs in this action are various recording companies, who are the copyright owners or licensees of exclusive rights under the Copyright Act of various recordings, including:

1. "Dos Mujeres Un Camino" by Bronco

2. "Por Que Te Conci" by Los Temerarios

3. "Yo Te Necesito" by Los Bukis

4. "Te Quiero" by Los Temerarios

  5. "Flow" by Sade

  6. "Mi Alma Reclama" by Los Temerarios

  7. "Ti Hice Mal" by Los Temerarios

  8. "Que No Quede Huella" by Bronco

  9. "Tu Y Tu" by Thalia

  10. "Tu Solo Tu" by Selena

(Compl. Ex. A.)  In the one count asserted in their complaint, Plaintiffs claim that Defendant, without their permission, used an online media distribution system to download, distribute, and make available for distribution these copyrighted recordings for which Plaintiffs are the copyright owners or exclusive licensees.  (*Id.* at  ¶¶ 9-11.)  Plaintiffs allege that "Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright." (*Id.* at ¶ 11.)

  Plaintiffs filed their complaint in this matter on March 17, 2006 [Doc. 1].  Defendant was served with the Summons and Complaint on March 24, 2006 by personal service [Doc. 6]. Defendant failed to appear, plead or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure.  Plaintiffs submitted an affidavit from Joel E. Tragesser, an attorney licensed to practice law in Indiana, stating that he is "informed and believe[s] that Defendant is not an infant or incompetent person and, after consulting available public databases, is not in the military service."  (Tragesser Aff. ¶ 5 [Doc. 10-2].)  Furthermore, the process server, in his Affidavit of Service, estimated that Defendant was more than fifty years old.  (*See* Aff. of Service [Doc. 10-5].)  Accordingly, Plaintiffs filed a Request to Enter Default with the clerk of the court on June 19, 2006 [Doc. 7], which the clerk entered on June 21, 2006 [Doc. 8].  On July 24, 2006, Plaintiffs filed an Application for Entry of Default Judgment [Doc. 10], which is

presently before this Court.

Plaintiffs seek an award totaling $7,828.00. This figure includes: (1) $7,500.00 for the minimum statutory damages provided by 17 U.S.C. § 504 ($750 each) for the ten alleged infringements; and (2) $328.00 in costs pursuant to 17 U.S.C. § 505. (Pls.' App. ¶ 4.) Additionally, Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502. (*Id.*)

## II. DISCUSSION

### A. Entry of Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.") Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case [Doc. 8], this Court may now enter a default judgment under Federal Rule of Civil Procedure 55(b)(2). Rule 55(b) gives district courts the power to enter default judgment, but requires courts to exercise sound judicial discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). To enter default judgment, the Court must conclude that Plaintiffs are entitled to judgment as a matter of law. *See Cass County*

*Music Co. v. Muedini,* 55 F.3d 263, 265 (7th Cir. 1995). "In making this inquiry, the court must assume that the factual allegations are, by reason of the default, true." *Id.* at 265-66.

When deciding a motion for default judgment, a court may consider a number of factors presented in the record, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are to be decided, whether the default is largely technical, whether plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the grounds for default judgment are clearly established. First, the default goes beyond a mere technicality, as Defendant has not filed an answer or any responsive pleadings since Plaintiffs filed their complaint on March 17, 2006. Defendant cannot be allowed to completely ignore this suit. *See Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, material issues of fact are not in dispute. In order for Plaintiffs to establish the prima facie case of direct copyright infringement, they must satisfy two requirements: (1) they must show ownership of the allegedly infringed material; and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders. *See* 17 U.S.C. §§ 106, 501(a). The Supreme Court and the Seventh Circuit Court of Appeals have each recently relied upon the assumption that posting or downloading music files constitutes primary copyright infringement. *See BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005), *cert.*

4

*denied*, 126 S. Ct. 2032 (U.S. May 15, 2006) (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764 (2005)); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003).  Here, Plaintiffs pled that they owned the copyrighted materials specified in Exhibit A and that Defendant violated their exclusive rights to reproduce and distribute the copyrighted recordings to the public by downloading and distributing the copyrighted recordings via an online media distribution system.  Therefore, the facts as stated in the Complaint establish direct copyright infringement by Defendant.

Finally, Plaintiffs are entitled to the damages they request.  Plaintiffs request minimum statutory damages for each copyright violation as well as a permanent injunction barring Defendant from further infringing activity.  They also request an award of the costs of bringing this action.  The total monetary award equals a relatively small figure ($7,828.00), and Plaintiffs' requests are reasonable and proper.

**B.  Monetary and Injunctive Relief**

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, a hearing is not required if damages can be ascertained from the documentary evidence or in detailed affidavits.  *See id.*  An evidentiary hearing is unnecessary in this case.

The Copyright Act provides for both monetary and injunctive relief.  First, it provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Under § 504(c), the copyright owner may choose to recover statutory damages in lieu of actual damages any time prior to the entry of final

5

judgment.  § 504(c)(1).  "This section provides that the author's entitlement, per infringed work, is 'a sum of not less than $750 or more than $30,000 as the court considers just.'" *BMG Music*, 430 F.3d at 891.  Second, § 502 authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  Finally, the Court has discretion to award costs and fees to the prevailing party.  *See* § 505.

Here, Plaintiffs seek the minimum statutory damages ($750.00) for each of the ten infringements alleged in the Complaint, for a total of $7,500.00.  (Pls.' App. at ¶ 4.)  Awards of statutory damages within the "statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice."  *Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *5 (N.D. Ill. March 13, 1991) (citations and internal quotations omitted).  While the actual damage to Plaintiffs by one individual downloading ten songs via an online media distribution system may be minimal, default judgment establishes that Plaintiffs are entitled to damages as a matter of law.  *See Doehrer v. Caldwell*, No. 79 C 394, 1980 WL 1158, at *2 (N.D. Ill. March 28, 1980).  Thus, the Court finds that: the damages sought by the Plaintiff are ascertainable from the Complaint; an evidentiary hearing is unnecessary; and an award of $7,500.00 representing the minimum statutory damages for all ten works infringed is appropriate.

Additionally, Plaintiffs request a permanent injunction barring Defendant from reproducing or distributing any of Plaintiffs' copyrighted works as well as requiring Defendant to destroy any works that he has already reproduced or distributed via the online media system.  Specifically, Plaintiffs request the following:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Pls.' App. at 8.)

District courts in the Seventh Circuit have approved permanent injunctions when granting default judgments against individuals whose actions infringed copyright law. In *Columbia Pictures*, the district court granted default judgment against a website operator who, without authorization, allowed users to download copyrighted movies and television shows. *Columbia Pictures Indus., Inc. v. May*, No. 04-C-1192, 2006 WL 1085120, at *1-2 (E.D. Wis. April 24, 2006). In addition to granting statutory damages, the court, pursuant to 17 U.S.C. § 502(a), permanently enjoined the defendant from continuing to infringe the plaintiffs' copyrights. *See id.* The court reasoned that the plaintiffs' injuries were "irreparable" and could not be adequately compensated by monetary damages alone. *Id.* at *1. The court concluded that the plaintiffs risked continued injury unless the defendant was permanently enjoined from infringing the plaintiffs' copyrights. *Id.*

Similarly, this Court previously issued the same injunction sought in the present action, thereby enjoining a defendant from unlawfully downloading and/or distributing copyrighted recordings. *See UMG Recordings, Inc. v. Davito*, No. 2:04CV479, 2005 WL 3776349 (N.D. Ind.

June 17, 2005).  In *UMG Recordings*, this Court acknowledged that monetary damages inadequately address the harm caused by copyright infringement through unauthorized use of online media distribution systems accessible by "tens of millions of potential users." *Id.*, at *3 (internal citations omitted).  With these considerations in mind, the Court finds that the permanent injunction requested here is appropriate.

Finally, Plaintiffs request their costs of $328.00.  (Pls.' App. at ¶ 4.)  17 U.S.C. § 505 provides that "recovery of full costs" may be granted by the Court in the exercise of its discretion.  17 U.S.C. § 505.  Defendant failed to respond in any manner to this lawsuit.  Accordingly, an award of Plaintiffs' full costs are appropriate, and Plaintiffs' request of $328.00 is reasonable.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Entry of Default Judgment [Doc. 10] is **GRANTED**.  It is also **ORDERED** that:

1.  Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the ten sound recordings listed in Exhibit A to the Complaint.  Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand Five Hundred Dollars ($7,500.00);

2.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

"Dos Mujeres Un Camino" on album "Oro 2000" by artist Bronco (SR# 259-010);

"Por Que Te Conci" on album "Como Te Recuerdo" by artist Los Temerarios (SR# 250-381);

"Yo Te Necesito" on album "Yo Te Necesito" by artist Los Bukis (SR# 149-684);

"Te Quiero" on album "Te Quiero" by artist Los Temerarios (SR# 233-242);

"Flow" on album "Lovers Rock" by artist Sade (SR# 298-354);

"Mi Alma Reclama" on album "Camino Del Amor" by artist Los Temerarios (SR# 232-938);

"Te Hice Mal" on album "En La Madrugada Se Fue" by artist Los Temerarios (SR# 278-322);

"Que No Queda Huella" on album "20 Exitos" by artist Bronco (SR# 256-014);

"Tu Y Yo" on album "Thalia" by artist Thalia (SR# 317-586); and

"Tu Solo Tu" on album "Dreaming of You" by artist Selena (SR# 210-307);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

3.  Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Three

Hundred and Twenty-Eight Dollars ($328.00).

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief stated herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: October 30, 2006

<pre>
                                s/ Philip P. Simon
                                PHILIP P. SIMON, JUDGE
                                UNITED STATES DISTRICT COURT
</pre>